# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| SHAQUAN SYDER,<br><br>Plaintiff,<br><br>vs.<br><br>EXPRESS SERVICES, INC d/b/a EXPRESS EMPLOYMENT PROFESSIONALS; COOPERATIVE LAUNDRY and JOHN DOES 1-5 AND 6-10.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Shaquan Syder, residing in Kearny, County of Hudson, State of New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court pursuant to the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination and/or discrimination based upon perception of disability, and retaliation in violation of the doctrine set forth in *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copygraphics*. Alternatively, claim is brought for disability discrimination and/or discrimination based upon perception of disability in a place of public accommodation.

**Identification of Parties**

1. Plaintiff Shaquan Syder is, at all relevant times herein, a resident of the State of New Jersey and a former employee of defendant Express Services, Inc.

2. Defendant Express Services Inc. d/b/a Express Employment Professionals ("Express") is a corporation registered and operating in the State of New Jersey with a location at 30 Montgomery Street, Unit 1255, Jersey City, New Jersey 07302 and, at all relevant times herein, was the employer of the Plaintiff.

3. Defendant Cooperative Laundry is a corporation registered and operating in the State of New Jersey with a location at 1 Eastern Road, Unit 2, Kearny, New Jersey 07032 and, at all relevant times herein, was the employer of the Plaintiff.

4. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

**General Allegations**

5. Defendants employed Plaintiff from on or about December 17, 2018 up until the time of his unlawful discharge on March 26, 2019.

6. At all times, Plaintiff performed up to and beyond the reasonable expectations of the Defendants.

7. Defendant Express operates a temporary staffing agency and placed Plaintiff at a location known as Cooperative Laundry located at 1 Eastern Rd, Unit 2, South Kearny, NJ 07032.

8. Plaintiff was a dual, special and/or joint employee of Defendant Express and Defendant Cooperative Laundry.

9. Defendant Cooperative Laundry's employees supervised, controlled and oversaw Plaintiff's day-to-day work.

10. In addition to being Plaintiff's employer, Defendant Cooperative Laundry operated a place of public accommodation as that term is defined under the LAD.

11. On or about March 24, 2019, plaintiff suffered an injury to his leg at work.

12. Plaintiff advised his supervisor, Steve (last name unknown) that he had been injured at work.

13. On or about March 25, 2019 Plaintiff worked with increasing pain and had difficulty standing while at work.

14. Plaintiff informed the head supervisor, Dave (last name unknown) that he had been injured on the job.

15. On or about March 26, 2019 or March 27, 2019, Plaintiff was informed via telephone by an Express representative that the agency "doesn't require his assistance."

16. Plaintiff was disabled within the meaning of the LAD.

17. In addition, and/or in the alternative, defendants held perceptions of or regarding plaintiff's disability and/or his continued utility as an employee as a result of his injury.

18. A determinative and/or motivating factor in defendant's decision to terminate plaintiff was the plaintiff's disability.

19. In addition, and/or in the alternative, a determinative and/or motivating factor in the plaintiff's termination was the defendant's perception of or regarding plaintiff's disability and/or his continued utility as an employee as the result of his injury.

20. In addition, and/or in the alternative, a determinative and/or motivating factor in plaintiff's discharge was the fact that plaintiff exercised his rights pursuant to the New Jersey Workers' Compensation law.

21. Plaintiff is further a member of a protected class pursuant to the doctrines established by the Courts in *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copygraphics, Inc.*, as an individual who exercised his rights under New Jersey's Workers' Compensation law.

22. Defendants' conduct in terminating plaintiff's employment was undertaken by a member of upper management and/or willfully ignored by the same, and was undertaken willfully, egregiously and/or with a willful and wanton disregard for the rights of the plaintiff, warranting the imposition of punitive damages.

23. To the extent that there is any "mixed-motive," plaintiff need only show that a determinative and/or motivating factor in the conduct directed toward him was because of his membership in one of the protected groups set forth above.

24. Prior to his termination, plaintiff performed his job up to and beyond the legitimate expectations of his employer.

25. As a result of the unlawful conduct outlined above, plaintiff has been forced to suffer economic and non-economic harm.

**COUNT I**

**<u>Discrimination Based on Disability Under the LAD</u>**

26. Plaintiff hereby repeats and realleges paragraphs 1 through 25, as though fully set forth herein.

27. Plaintiff was subjected to discrimination based on disability, resulting in his termination, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT II**

**<u>Discrimination Based on Perception of Disability</u>**

28. Plaintiff hereby repeats and realleges paragraphs 1 through 27, as though fully set forth herein.

29. For the reasons set forth above, plaintiff was subjected to adverse employment actions, based on defendants' perception that plaintiff was disabled and/or perceptions held of or regarding plaintiff's continued utility of as an employee, in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT III**

**<u>Disability Discrimination in Public Accommodation Under the LAD – Defendant Cooperative Laundry</u>**

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29, as though fully set forth herein.

31. For the reasons set forth above, the conduct of Defendants constitutes disability discrimination in public accommodation and renders them liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT IV**

**Perception of Disability Discrimination in Public Accommodation Under the LAD – Defendant Cooperative Laundry**

32. Plaintiff hereby repeats and realleges paragraphs 1 through 31, as though fully set forth herein.

33. For the reasons set forth above, the conduct of Defendants constitutes disability discrimination in public accommodation and renders them liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT V**

***Lally v. Copygraphics, Inc.***

34. Plaintiff hereby repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant Express is liable to plaintiff for its tortious conduct in terminating plaintiff in retaliation for asserting his rights under the Workers' Compensation Act, which violate the common law doctrine set forth in *Lally v. Copygraphics*.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

**Request for Equitable Relief**

36. Plaintiff hereby repeats and realleges paragraphs 1 through 35, as though fully set forth herein.

37. Plaintiff requests the following equitable remedies and relief in this matter.

38. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

39. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

40. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

41. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

42. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

43. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

44. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By: /s/ Kevin M. Costello**
**Kevin M. Costello**

Dated: August 7, 2020