**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **SHAQUAN SYDER,** | Civ. No. 20-11013 (KM) (ESK) |
| **PLAINTIFF,** | |
| **v.** | **OPINION** |
| **EXPRESS SERVICES, INC., D/B/A EXPRESS EMPLOYMENT PROFESSIONALS; KNY 26671, LLC D/B/A COOPERATIVE LAUNDRY AND JOHN DOES 1-5 AND 6-10,** | |
| **DEFENDANTS.** | |

<u>**KEVIN MCNULTY, U.S.D.J.:**</u>

Shaquan Syder was an employee at Express Services, Inc, d/b/a Express Employment Professionals ("Express"), a temporary staffing agency. Express placed Mr. Syder at KNY 26671, LLC, d/b/a Cooperative Laundry, ("Cooperative"). While Mr. Syder was at Cooperative, he suffered an injury, which he reported to two supervisors. He was then fired two days later. He brings claims under the New Jersey Law Against Discrimination ("LAD"), claiming discrimination, retaliation, and failure to accommodate. Express now moves to dismiss, asserting that Mr. Syder has failed to state a claim.

For the reasons set forth below, I **GRANT** the motion to dismiss, without prejudice.

## I.   BACKGROUND

### A. Facts[1]

---

[1]      Citations to certain items in the record will be abbreviated as follows.: "DE" = Docket entry number in this case.

2AC = Second Amended Complaint (DE 31)

1

Shaquan Syder alleges that he was employed by Express, a temporary staffing agency, from December 17, 2018 until March 26, 2019. (2AC ¶¶ 2, 5.) Express placed Mr. Syder at Cooperative. (*Id.* ¶ 7.) On March 24, 2019, Mr. Syder hit the back of his leg on a barrel and "suffered a tear and/or rupture to his Achilles' heel." (*Id.* ¶¶ 11–13.) He informed a supervisor, "Steve," that he had been injured at work. (*Id.* ¶ 15.) The next day, March 25, Mr. Syder continued to work, but had difficulty standing and was experiencing increasing pain. (*Id.* ¶ 16.) He then informed the head supervisor, "Dave," that he had been injured on the job. (*Id.* ¶ 17.) On March 26 or 27, 2019, Mr. Syder was told over the phone by an Express representative that "the agency doesn't require his assistance." (*Id.* ¶ 24.)

**B. Procedural History**

Mr. Syder initially brought this action in New Jersey state court, and Express removed the case this Court on August 20, 2020.[2] (DE 1.) Express filed a motion to dismiss on October 26, 2020 (DE 10), and in response, Mr. Syder filed an amended complaint (DE 14). Express then filed a second motion to dismiss, directed at the Amended Complaint, on January 4, 2021. (DE 17) Mr. Syder responded by filing the Second Amended Complaint on April 6, 2021 (DE 31.) That Second Amended Complaint is the currently operative pleading. Express then again filed a motion to dismiss, this one directed at the Second

---

MTD = Defendant's Motion to Dismiss (DE 33-1)

Opp. = Plaintiff's Opposition to the Motion to Dismiss (DE 38)

Reply = Defendant's Reply to Plaintiff's Opposition (DE 40)

[2]    The removal was accomplished on the basis of this court's diversity jurisdiction, 28 U.S.C. § 1332(a). The complaint failed to plead diversity, for the obvious reason that the plaintiff did not seek a federal forum at all, and the notice of removal was equivocal as to a codefendant, Cooperative Laundry. Magistrate Judge Kiel alertly noticed that the parties' citizenship was unclear, and required submissions on the point. (DE 6) Having reviewed the submissions, he concluded that complete diversity was present, in that (1) plaintiff is a New Jersey citizen; (2) defendant Express Services, Inc. is deemed to be a citizen of both Colorado and Oklahoma; and (3) the defendant named as Cooperative Laundry is deemed to be a citizen of New York only. (DE 8)

Amended Complaint, on April 20, 2021. (DE 33) Mr. Syder filed his opposition, (DE 38), and Express filed its Reply (DE 40). The motion is fully briefed.

Mr. Syder's Second Amended Complaint brings claims for discrimination based on disability pursuant to LAD (Counts I and II), discrimination based on perception of disability pursuant to LAD (Counts II and IV), failure to accommodate under LAD (Count V), retaliation for asserting rights under the Workers' Compensation Act pursuant to *Lally v. Copygraphics, Inc.* (Count VI), and a claim for equitable relief (Count VII).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss: Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science*

*Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]" *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In that regard, courts may consider matters of public record and exhibits attached to the complaint. *Schmidt*, 770 F.3d at 249 ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (court may consider documents referenced in complaint that are essential to plaintiff's claim).

## III.   DISCUSSION

I will grant Express's motion to dismiss without prejudice. The fundamental defect with Mr. Syder's complaint is that it is replete with conclusory statements such as "plaintiff was able to perform all of the essential functions of his job, with a reasonable accommodation." (*See* 2AC ¶¶ 18, 21.) While it is true that plaintiff is not obligated to put forth "detailed factual allegations" at the pleading stage (Opp. at 3 (quoting *Twombly*, 550 U.S. at 555)), he must still allege sufficient *facts* without relying on mere conclusory statements, which are ignored for purposes of a motion to dismiss. *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). That is especially true in a case like this one, where many (not all) of the relevant facts are within Mr. Syder's control.

Nevertheless, because many of the defects in Mr. Syder's complaint could be resolved by simply alleging more details, I will permit him to amend his complaint again. Because this amended version would represent Mr. Syder's fourth filed complaint, is warned that further amendments may not be looked upon favorably.

### A. Mr. Syder's Claims of Discrimination Based on Disability or Perceived Disability

To state a claim for discriminatory discharge under LAD, Mr. Syder must allege facts which show: "(1) that he is a member of a protected class . . . (2) that he was otherwise qualified and performing the essential functions of the job; (3) that he was terminated; and . . . [(4)] that the challenged employment decision . . . took place under circumstances that give rise to an inference of unlawful discrimination." *Taylor v. Lincare*, 2016 WL 3849852 at *4 (D.N.J. July 15, 2016) (quoting *Joseph v. New Jersey Transit Rail Operations Inc.*, 586 Fed. App'x 890, 892 (3d Cir. 2014)); *Gadbois v. State*, 2009 WL 1310973 at *5 (App. Div. May 13, 2009). Mr. Syder has failed to adequately allege that he was qualified for and performing the essential functions of his job and that the circumstances surrounding his discharge permit an inference of discrimination.

First, Mr. Syder has failed to adequately allege that he was performing the essential functions of his job. The 2AC simply states that "[a]t all times, [he] performed up to and beyond the reasonable expectations of the Defendants" and that he "was able to perform all of the essential functions of his job, with a reasonable accommodation." (2AC ¶¶ 6, 18.) These are bare recitations of the legal requisites of the cause of action, not facts. *Twombly*, 550 U.S. at 555; *see also Taylor*, 2016 WL 3849852 at *4 ("Plaintiff's bare conclusion that he was a

'qualified employee,' [and] the absence of allegations regarding whether Plaintiff was performing the essential functions of his job" were "insufficient to establish that Plaintiff was otherwise qualified."); *Gabriel v. Verizon*, 2015 WL 1472019 at *4 (D.N.J. Mar. 31, 2015) ("The Court cannot assume all elements of [plaintiff's] claim, even at the pleading stage.").

　　　To plead a cause of action, Mr. Syder must allege factually what his job responsibilities at Cooperative were, what the nature of his injury was, and how that injury affected his ability to perform those tasks. For example, if his role at Cooperative was putting clothes into washers and dryers, he must allege that role and explain that, despite his heel injury, he was able to perform that role at the time of his termination. This is not a heavy burden, but the Court must at least be given facts sufficient to permit it to discern what he was expected to do at his job and whether he was doing it.

　　　Mr. Syder claims that he has met his burden because he alleged that he continued to work after he was injured despite the fact that he was experiencing pain and had difficulty standing. (Opp. at 7 (citing 2AC ¶ 16).) But the fact that Mr. Syder continued to report to work does not mean he was performing the essential functions of his job, which must be specified.

　　　Additionally, Mr. Syder has failed to adequately allege facts supporting his contention that he was able to perform his essential duties with a reasonable accommodation. LAD prohibits an employer from discriminating on the basis of a disability "unless the handicap precludes the performance of employment." *Bobo v. Wildwood Public Schools Board of Education*, 2014 WL 2215935 at *7 (D.N.J. May 28, 2014) (quoting *Failla v. City of Passaic*, 146 F.3d 149, 153 (3d Cir. 1998) (citing N.J. Stat. Ann. § 10:5-4.1)). A prima facie case thus requires that the plaintiff allege "that he was otherwise qualified to perform the essential functions of the job, with or without the accommodation by the employer." *Id.* (citing *Dicino v. Aetna U.S. Healthcare*, 2003 WL 21501818 at *12 (D.N.J. June 23, 2003)). Mr. Syder alleges the legal conclusion that "[t]here were reasonable accommodations available to allow plaintiff to complete the essential functions of his job." (2AC ¶ 21) If so, he must state

factually what function he could not perform and what accommodation would have permitted him to perform that function.

Mr. Syder has not explained what his essential duties were. But further, he offers no factual allegations in favor of his claim that there were reasonable accommodations which would have allowed him to continue performing those essential duties. Other than his conclusory allegation that such accommodations existed, he alleges only that "there were available light duty positions available to which plaintiff was qualified and could have been transferred." (*Id.* ¶ 22.) This, too, is a conclusory allegation which fails to identify what "light duty" positions are, whether they are available, or whether he could have performed them despite his claimed disability.

Third, Mr. Syder fails to allege the requisite connection between his injury, or complaint of injury, and the person who fired him. He argues that temporal proximity between his complaints of injury and his firing may give rise to an inference of discrimination. (Opp. at 9–10 (citing *Maimone v. City of Atl. City*, 188 N.J. 221, 237 (N.J. 2006).) That is correct as a proposition of law, *Fasold v. Justice*, 409 F.3d 178, 189–90 (3d Cir. 2005), but facts must nevertheless be alleged.

Mr. Syder alleges that Express assigned him to Cooperative for a temp position, that he was injured on the job, that he reported his injury to his supervisors, and then, within one or two days, was told by Express that he was no longer needed. He does not allege, however, that the supervisors to whom he reported his injury were *at Express*, or that Express even knew about his injury when they let him go. To demonstrate that his firing occurred under circumstances that give rise to an inference of discrimination, Mr. Syder must at least allege that the employer that decided to fire him knew that he was disabled. *Taylor*, 2016 WL 3849852 at *4 (citing *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 331 (3d Cir. 2003)). He can do that either by clarifying that

"Steve" and "Dave," the supervisors he complained to, worked for Express, or by alleging that Express learned about his injury in some other way.[3]

### B. Mr. Syder's Claims Based on Failure to Accommodate

To state a claim of failure to accommodate under LAD, Mr. Syder was obligated to allege that: (1) his employers were aware of his disability; (2) he made a request for accommodation related to his disability; (3) the employer failed to make any good faith effort to accommodate him; and (4) the employer could have made a reasonable accommodation if not for its bad faith. *Armstrong v. Burdette Tomlin Mem. Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006).

As previously discussed, Mr. Syder's allegations are insufficient to establish that Express or Cooperative were, or were both, aware of his disability.

Additionally, Mr. Syder does not allege that he made a request for accommodation of his disability. "New Jersey law places the duty on the employee to initiate the request for reasonable accommodation. *Linton v. L'Oreal USA*, 2009 Wl 838766 at *4 (D.N.J. Mar. 27, 2009). "While there are no magic words to seek an accommodation," an employee "must make clear that . . . assistance [is desired] for his or her disability." *Tynan v. Vicinage 13 of the Superior Court of N.J.*, 351 N.J. Super. 385, 400 (App. Div. 2002). "Something more is required of an employee under the NJLAD than merely apprising her employer that she is still injured to start the interactive process for seeking an accommodation; the employee must at least arguably seek assistance." *Linton*, 2009 WL 838766 at *6.

Mr. Syder's complaint merely claims that he advised his supervisors that he had been injured at work (2AC ¶¶ 15, 17, 19), that his supervisor "became

---

[3] Express also asserts that Mr. Syder has failed to adequately allege that he was terminated because the agency merely told him that it "doesn't require his assistance." (MTD at 7 (quoting 2AC ¶ 24).) Because I make every inference in Mr. Syder's favor on this motion to dismiss, I can infer that the agency's statement that it no longer required his assistance was a colloquial way of telling him he was fired. *New Jersey Carpenters*, 760 F.3d at 302. While Express asserts that Mr. Syder is concealing that Express continued to place him in other positions (MTD at 7 n.1), I do not consider a defendant's assertions of fact at this juncture. *See Rockefeller Ctr.*, 184 F.3d at 287.

aware of plaintiff's injury and his need for an accommodation" (*id.* ¶ 20), and that he "requested a reasonable accommodation of his disability and/or defendants were aware of plaintiff's need for an accommodation" (*id.* ¶ 50.) The first two allegations are insufficient to state a claim under *Linton*; Mr. Syder must allege that he actually requested a reasonable accommodation or otherwise sought assistance. The third allegation is conclusory: it simply states the legal conclusion that he requested a reasonable accommodation instead of stating factually what occurred. The third allegation is also ambiguous: it states that Mr. Syder either requested a reasonable accommodation *or* that defendants were aware of his need for an accommodation. Only the first of those two options would entitle Mr. Syder to relief, so his ambiguous framing cannot satisfy Rule 12(b)(6)'s pleading standard. *Jenkinson's Pavilion v. Borough of Point Pleasant Beach*, 2021 WL 1608893 at *9 (D.N.J. Apr. 26, 2021) ("Because the Court is unable to discern the meaning of this convoluted and ambiguous allegation, it is insufficient to form a basis for this cause of action.").

Perhaps recognizing that the 2AC lacks a key allegation for his failure to accommodate claim, Mr. Syder states in his opposition brief that he did in fact request an accommodation. (*See* Opp. at 13.) Amendment *via* statements in briefs is ineffectual. *Hamza v. United Cont'l Holdings, LLC*, 2020 WL 5757807 at *3 (D.N.J. Sept. 28, 2020) ("[i]t is well established that a plaintiff may not amend his complaint in a brief in opposition [to] a motion to dismiss."). Such statements may, however, bear on the court's determination as to whether further amendment would be futile.

### C. Mr. Syder's Claim for Workers' Compensation Retaliation

Mr. Syder also brings a claim that Express and Cooperative retaliated against him for making, or attempting to make, a workers' compensation claim. To state such a claim, Mr. Syder must allege facts indicating that (1) he made or attempted to make a claim for workers' compensation and (2) he was discharged in retaliation for attempting to make that claim. *Cerracchio v. Alden*

*Leeds, Inc.*, 223 N.J. Super. 435, 442–43 (App. Div. 1988). A plaintiff is "not required to show that he physically filed a claim petition," *id.* at 442, but he must in some manner claim or attempt to claim his workers' compensation benefits. *See Cerracchio*, 223 N.J. Super. at 443 (retaliation rights implicated where plaintiff notified his employer of his injury and asked about the procedure to have hospital bills paid); *Carter v. AFG Industries, Inc.*, 344 N.J. Super. 549, 555 (App. Div. 2001) (rights implicated where plaintiff attended medical appointments for a work-related injury); N.J. Stat. Ann. § 34:15-39.1 (statutory provision barring retaliation for claiming workers' compensation, and which states that it applies only where an employee "has claimed or attempted to claim workmen's compensation benefits").

While Mr. Syder was not obligated to make a formal claim for workers' compensation to invoke his rights under the statute, it is not enough that he merely suffered an injury on the job and mentioned it to a supervisor. *See McDaniel v. Borough*, 2007 WL 4571100 at *3 n.6 (D.N.J. Dec. 27, 2007) ("McDaniel neither alleged nor set forth facts showing that he filed a worker's compensation claim, attempted to file a claim, or claimed workers' compensation benefits in the form of medical care" so he was not entitled to protection under the statute). Simply telling one's employer that one has suffered an injury does not constitute a claim or attempt to make a claim for workers' compensation.[4]

### D. Mr. Syder's Claim for Equitable Remedies

The 2AC appears to assert a separate claim for equitable remedies in Count VII. The parties agree that no such standalone cause of action is appropriately asserted here. Mr. Syder, for his part, claims that Express has simply misread his complaint. On amendment, Mr. Syder may consider simply

---

[4] Mr. Syder argues that simply informing one's employer about an injury should trigger the statute because otherwise employers could terminate unknowing employees who were injured at work. Such concerns are irrelevant to the application of a cause of action for retaliation for *claiming compensation benefits.*

deleting Count VII and including any equitable remedies he seeks in his prayer for relief.

## IV.    CONCLUSION

Based on the foregoing, Express's motion to dismiss the complaint is **GRANTED** without prejudice to amendment within 40 days.

Dated: August 18, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**