UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHAQUAN SYDER,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**EXPRESS SERVICES, INC d/b/a EXPRESS EMPLOYMENT PROFESSIONALS; COOPERATIVE LAUNDRY and JOHN DOES 1-5 and 6-10,**<br><br>       **Defendants.** | Civ. No. 20-11013 (KM) (ESK)<br><br>**MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

  Now before the Court is a motion to set aside the default judgment entered against defendant KNY 26671, LLC d/b/a Cooperative Laundry ("Cooperative Laundry"). For the reasons set forth below, I will **GRANT** the motion.

  **I.** **Background**

  I assume familiarity with the facts of the case but will briefly summarize the procedural history. Plaintiff Shaquan Syder filed an initial complaint in the Superior Court of Hudson County on August 7, 2020. (DE 1.) Defendant Express Services, Inc. ("Express") removed the matter to federal court shortly thereafter. (*Id.*)

  Express moved to dismiss the complaint several times, and Syder responded by amending the complaint several times. (DE 10, 14, 17, 31, 33, 44.) Cooperative Laundry, on the other hand, did not file any responsive pleading or otherwise appear in the matter. The Clerk consequently entered default as to defendant Cooperative Laundry on July 29, 2022, and the Court granted Syder's motion for default judgment on March 29, 2023. (DE 72, 72.)

1

Cooperative Laundry now moves to set aside the default judgment, and Syder has filed a brief in opposition to that motion. ("Mot." 7-8 (DE 86); "Opp." (DE 87)).

## II. Legal standard

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides that a court may relieve a party from a final judgment for a variety of reasons, including any "reason that justifies relief." On a motion to set aside a default judgment in particular, the Court should consider three factors: "first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982)).

The Third Circuit has often emphasized that it does not favor default judgments. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). The Third Circuit has instructed that "in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Id.* This Court, for its own part, has often expressed its strong preference that cases be disposed of on the merits.

## III. Discussion

Cooperative Laundry makes no effort to rebut the factor of prejudice to the plaintiff, or to establish that it has a meritorious defense on the merits. Cooperative Laundry relies solely on its argument that default judgment was improperly entered because, although served with the first amended complaint, it was never served with either the second amended complaint or the third amended complaint. Although the Federal Rules provide that "[n]o service is required on a party who is in default for failing to appear," the Rules require service on a party in default where the pleading "asserts a new claim for relief against [that party]." *See* Fed. R. Civ. P. 5(a)(2). Cooperative Laundry argues

2

that because the second amended complaint added Count V, a claim for failure to accommodate a disability under the New Jersey Law Against Discrimination, and because that new claim was asserted against Cooperative Laundry, re-service was not excused. (Mot. 3-4.) Moreover, says Cooperative Laundry, default was not justified on the basis of the first amended complaint, because that complaint was superseded by the second and then third amended complaints. (Mot. 9.)

Cooperative Laundry's position has some technical merit, and I will grant the motion to set aside the default judgment. I note, however, that Cooperative Laundry was surely on notice of this litigation, having been served with the first amended complaint in March 2021 (DE 47), and apparently having been served with the default motion itself (DE 72-2). Moreover, the only new material in the second amended complaint was Count V, which was fairly promptly dismissed in any event. Counts I through IV remained the same, and Cooperative Laundry was on notice of them. Surely Cooperative Laundry cannot be maintaining that the filing of a subsequent complaint, of which it claims to have been unaware, was its *reason* for having ignored the first amended complaint. To all appearances, it has adopted the strategy of playing possum, only to be roused to indignant action by the prospect of a judgment against it.

Without prejudging the matter, the Court will entertain a motion for an award of plaintiff's costs and fees incurred in connection with the default.

### ORDER

For the foregoing reasons,

IT IS this 10th day of May, 2023

ORDERED that Cooperative Laundry's motion to set aside the default judgment is **GRANTED**. Syder is instructed to serve Cooperative Laundry with the third amended complaint within 14 days.

/s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**